Filed 5/26/22  P. v. Sutton CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SEAN SUTTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B314548<br>(Super. Ct. No. 21PT-00276)<br>(San Luis Obispo County) |

Sean Sutton appeals an order determining him to be a mentally disordered offender (MDO) and committing him to the State Department of State Hospitals for involuntary treatment. (Pen. Code, § 2962 et seq.)[1]  We conclude that sufficient evidence supports the jury's determination that during commission of the underlying offense, Sutton impliedly threatened to use force or violence likely to cause substantial physical harm.  We affirm. (§ 2962, subd. (e)(2)(Q).)

---

[1] All statutory references are to the Penal Code.

*FACTUAL AND PROCEDURAL HISTORY*

In 2016, Sutton was convicted of one count of attempted robbery and, in 2017, sentenced to nine years' imprisonment as a recidivist. (§§ 664, 213, subd. (b).) The criminal offense involved Sutton's three unsuccessful attempts to take a purse from Keiko Murphy, then 86 years old. Murphy pushed Sutton away during the first attempt, and a bystander shouted that Sutton should leave Murphy alone during his second and third attempts. Sutton yelled incoherently and then walked away. When police officers arrived, Murphy was frightened and crying; she suffered from cognitive issues and was unable to communicate.

On April 2, 2021, the Board of Parole Hearings (Board) determined that Sutton was an MDO pursuant to the criteria of section 2962. As a condition of parole, the Board required him to accept treatment from the State Department of State Hospitals.

Sutton then filed a petition pursuant to section 2966, subdivision (b) to contest this decision. At a jury trial, the court received documents, including the abstract of judgment, probation report, and medical progress notes, into evidence. The jury also heard testimony from Doctor Dia Gunnarsson and Sutton. The parties stipulated that Sutton received 90 days or more of treatment during the year prior to his parole date. (§ 2962, subd. (c).)

*Expert Witness Testimony*

Gunnarsson, a forensic psychologist at Atascadero State Hospital, testified that she interviewed Sutton regarding the MDO criteria, reviewed his hospital treatment and criminal records, and consulted his treating psychiatrist, psychologist, and social worker. Gunnarsson opined that Sutton suffers from schizophrenia, a severe mental disorder, characterized by his

grandiose delusions, paranoia, and disorganized thoughts. She concluded that Sutton satisfied each of the MDO requirements of section 2962.

*Sutton's Testimony*

Sutton testified that he merely was assisting Murphy across the street and that she was not a victim. He stated: "My steps [were] to take – to make sure that she wasn't hurt in the street and [I] was helping her across the street."

*Findings, Order, and Appeal*

The jury determined that Sutton met the requirements of section 2962 beyond a reasonable doubt. The trial court then committed him to the State Department of State Hospitals for involuntary treatment.

Sutton appeals and contends that insufficient evidence supports the finding that during commission of the underlying offense he expressly or impliedly threatened to use force or violence likely to cause substantial physical harm. (§ 2962, subd. (e)(2)(Q).)

*DISCUSSION*

In reviewing the sufficiency of evidence to support an order made in MDO proceedings, we review the entire record to determine if reasonable and credible evidence supports the decision of the trier of fact beyond a reasonable doubt. (*People v. Hannibal* (2006) 143 Cal.App.4th 1087, 1096; *People v. Clark* (2000) 82 Cal.App.4th 1072, 1082-1083.) We view the evidence and draw all reasonable inferences therefrom in favor of the order. (*People v. Johnson* (2020) 55 Cal.App.5th 96, 107; *Clark*, at p. 1082.) We do not reweigh the evidence nor do we substitute our decision for that of the trier of fact. (*Clark*, at p. 1083.)

3

Section 2962, subdivision (e)(2)(Q) includes as an underlying criminal offense: "A crime in which the perpetrator expressly or impliedly threatened another with the use of force or violence likely to produce substantial physical harm in a manner that a reasonable person would believe and expect that the force or violence would be used. . . . [S]ubstantial physical harm does not require proof that the threatened act was likely to cause great or serious bodily injury."

Sufficient evidence and reasonable inferences therefrom support the finding beyond a reasonable doubt that Sutton impliedly threatened to use violence likely to cause substantial physical harm. Sutton was over six feet tall and 43 years old when he attempted three times to take the purse held by 86-year-old Murphy. A reasonable inference of an implied threat to overpower Murphy was drawn by the jury from Sutton's persistent efforts to take Murphy's purse against her will. Sutton ceased his effort only when he realized that a bystander was present, witnessed the incident, and shouted at him to stop.

*DISPOSITION*

We affirm the MDO commitment order.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

4

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Blythe J. Leszkay and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.